J-S37029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT M. MCCORD | : | |
| | : | |
| Appellant | : | No. 1326 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 7, 2021
In the Court of Common Pleas of Wayne County
Criminal Division at No. CP-64-CR-0000172-2020

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 11, 2022**

Scott M. McCord (Appellant) appeals from the judgment of sentence

imposed after he pled *nolo contendere* to corruption of minors.[1]  We affirm.

At the *nolo contendere* hearing, the Commonwealth recited the following

facts:

> [B]etween September 2019 and January 2020 [Appellant],
> a 36 year old man, cultivated a relationship with R.S., his 14 year
> old next door neighbor in Wayne County, Pennsylvania.
>
> On a near daily basis [Appellant] had extensive phone
> contact, social media contact, text messaging, and in person
> meetings with the minor child and her two close friends, C.R. and
> H.W., also teenagers.
>
> [Appellant] regularly referred to the children as his
> girlfriends and their in person meetings as dates.  Eventually
> [Appellant] and R.S. began exchanging inappropriate pictures.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

> Investigators discovered well over 50 self taken photographs of [Appellant] on the juvenile's phone, including pictures of himself in the shower and on his bed. [Appellant] also requested and received suggestive photographs of the children in various states of undress.
>
> Throughout their contact [Appellant] engaged R.S. in sexually explicit conversations including discussing sexual fantasies that involved her two friends.

N.T., 3/24/21, at 11-12.

Appellant was charged with one count each of statutory sexual assault, unlawful contact with a minor, criminal use of a communication facility, and two counts of corruption of minors.[2] On March 24, 2021, Appellant pled *nolo contendere* to one count of corruption of minors, and the remaining charges were *nolle prossed*. On May 7, 2021, the trial court sentenced Appellant to 6 - 23 months of incarceration, followed by 3 years of probation.

Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence and the location of his incarceration; he also requested credit for time served. Post-Sentence Motion, 5/14/21. Following a hearing, the court granted Appellant's request for credit for time served, but otherwise denied relief. Order, 6/7/21, at 1. Appellant timely appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.[3]

---

[2] 18 Pa.C.S.A. §§ 3122.1(b), 6318(a)(1), 7512(a), and 6301(a)(1).

[3] The trial court stated the "reasons for our decision for the matters complained of by [] Appellant are contained in the Order [docketed] June [7], 2021." Pa.R.A.P. 1925(a) Statement, 7/27/21, at 1.

Appellant presents a single issue for review:

Did the sentencing court abuse its discretion in sentencing [Appellant] in the aggravated range without adequate reasons and without giving appropriate consideration to any mitigating factors?

Appellant's Brief at 4.[4]

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing

---

[4] In his concise statement, Appellant raised an additional claim challenging the location of his incarceration. *See* Pa.R.A.P. 1925(b) Statement, 7/19/21, at 2. We do not address the claim because Appellant did not include it in his brief. *See Commonwealth v. Briggs*, 12 A.3d 291, 310 n.19 (Pa. 2011) (refusing to address claim raised with trial court but subsequently abandoned in appellate brief).

code or is contrary to the fundamental norms of the sentencing process."

***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Instantly, Appellant complied with the first three prongs of the test by raising his claim in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 16-18.

In addition, Appellant raises a substantial question in arguing the trial court "imposed an aggravated-range sentence without stating on the record and guideline form adequate reasons" for the sentence. Appellant's Brief at 18; ***Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) ("[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review.") (citations omitted). Appellant also raises a substantial question in arguing the court "imposed an aggravated-range sentence without considering mitigating circumstances." Appellant's Brief at 18; ***Commonwealth v. Hyland***, 875 A.2d 1175, 1183-84 (Pa. Super. 2005).

Preliminarily, we recognize that:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (citation omitted).

Appellant argues that while the trial court "does point to several things that 'stuck out' to it before it imposed its sentence on [Appellant], the court never specifically states the reason why it abandoned the recommendation of both probation and the Commonwealth to sentence [Appellant] in the aggravated range." Appellant's Brief at 21. Appellant further asserts that the court "virtually ignores all of the various mitigating factors present in this case." *Id.* at 23.

Conversely, the Commonwealth states the trial court "made on-the-record findings as to the reasons behind its imposition of sentence within the aggravated range," and because the court "had the benefit of a Pre-Sentence Investigation [(PSI) report], the law presumes [it] was aware of the relevant information regarding the appellant's environment and had weighed those considerations along with any mitigating factors." Commonwealth Brief at 4-5. We agree with the Commonwealth.

When a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13. "In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a

sentence, resentences a person following revocation of probation or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). We have explained:

> The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

*Commonwealth v. Coulverson*, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted).

> Further:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, **it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors**. Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). **The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report**; thus properly considering and weighing all relevant factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006)) (*citing Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citations omitted, emphasis added).

Here, at the sentencing hearing, the trial court stated it had "reviewed the entire [PSI] report." N.T., 5/7/21, at 30. The court then commented at length, stating it

> has listened to the statements made by defense counsel as well as [Appellant] as well as the Commonwealth, and [] as well as [an individual] on behalf of all of the victims.
>
> A couple things stuck out … as I worked my way through this particular report, first off is how – what a devastating impact this had on these young girls. And there is no way you can erase that, and this is a time when they quite frankly should have been enjoying their youth, enjoying their innocence, and to a large degree you participated in taking that away from them. Although there is only one count here, you did agree to accept responsibility for three different girls, which to the [c]ourt is very compelling in terms of the fact that you received a plea for one count despite having three victims. So you received a substantial bargain from that negotiated resolution.
>
> As [the Commonwealth] noted, and I noted as well as soon as I read it because I do look for some type of remorse when I read these particular statements, and you did suggest you had remorse here today as well, however your statement to my Probation Officer started off that there is confusion and misunderstanding in this offense, which quite frankly the [c]ourt is having a hard time, from my perspective, understanding. And maybe that is the misunderstanding. I think if there is any confusion or misunderstanding it is on your end, not on the Commonwealth's end or this [c]ourt's end. Your conduct was reprehensible. In terms of what the [c]ourt has seen, I certainly have not seen a pile of text messages, but in terms of what I have seen and what was placed on the record at your plea, some of these particular conversations – I cannot imagine an adult speaking to a child that way. Quite frankly, I am not sure I can imagine another adult speaking to another adult that way, yet you exposed these children to that type of communication.
>
> You suggest that you were filling a father role, and I highlighted that as well, because again, in my search for some type of remorse I see – what I see instead is some type of justification in your mind to demonstrate that you were not doing something wrong.

Being a father of two girls I cannot understand what you thought you were doing if you were being a father in that situation. You admit to talking to this 14 year old child about sex. I cannot, in any circumstance, understand how a stranger, without some type of parental involvement of her parents, would take it upon themselves to talk to that child about sex, especially in the manner that you took – undertook with this child. You also indicate you liked taking funny selfie pictures, and I do recall at the [] plea proceeding there was a reference to at least one where you took a picture of yourself in the shower. The [c]ourt does not find that to be funny in any way, and sending – adult man showering sending it to a minor child, even if it did not expose your genitalia, quite frankly, demonstrates not that you were not acting as a father but that you were acting to a large degree as a predator. You then conclude your statement by suggesting that some lines were crossed, which suggests in your mind that you maintained appropriate behavior in some degree and simply crossed in others. From the [c]ourt's perspective there is nothing here that stayed within the lines of acceptable, responsible adult behavior. So I then look to see what you had done, because quite frankly the statement suggested – did not indicate any type of real understanding for your offense, so I did look, and I looked at your counseling record in South Carolina, and I also looked at my pre-sentence report when you moved to South Carolina. You moved to South Carolina in February of 2020 so I expected to see some pretty extensive counseling as you attempted to deal with whatever caused this particular behavior. Instead, I received a letter dated April of 2021 which was 14 months after you move[d] to South Carolina, indicating that you had done a total of three sessions of counseling in those 14 months, which again, from the [c]ourt's perspective, does not suggest any level of remorse or any indication that you recognize you have a problem. If anything, it suggests that you were hurry[ing] up getting some counseling done before you came to this sentencing proceeding so you could suggest to the [c]ourt that you were addressing the problem.

So, with all of that said, the [c]ourt finds that you have not demonstrated any real level of remorse for this. I find the behavior to be morally reprehensible, legally reprehensible, and that your justifications for them are likewise reprehensible, and the fact that we do have three underage victims here as well as your lack of any type of real acceptance of responsibility and your attempt to justify your conduct as acting as a father [figure,] the

[c]ourt will abandon the recommendation that has been made by
both the Probation Department as well as the Commonwealth, and
sentence you in the aggravated range[.]

*Id.* at 30-34.

We discern no error. Contrary to Appellant's argument, the "transcript of the sentencing proceeding … demonstrates that the court articulated a number of reasons for utilizing the aggravated range of the sentencing guidelines." Order, 6/7/21, at 1 n.1; N.T., 5/7/21, at 30-34. Specifically, the court imposed an aggravated-range sentence based upon Appellant victimizing "3 different underage victims," failing "to meaningfully accept responsibility for his conduct when he made statements in the pre-sentence interview," and attempting "to justify his sexually grooming behavior by suggesting that he was acting in a father-like role." ***See id.*** (citing N.T., 5/7/21, at 33). Further, because it reviewed the PSI report, we "presume that the court properly weighed the mitigating factors present in the case." ***Fowler***, 893 A.2d at 766. Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2022

- 9 -